# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sukhwinder Singh,**<br>Petitioner<br>-vs-<br>**Katrina S. Kane,**<br>Respondent | CV-11-0062-PHX-NVW (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Florence Correctional Center in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 7, 2011 (Doc. 1). Respondent has filed a Suggestion of Mootness (Doc. 9). Mail to Petitioner has been returned undeliverable (Docs. 12) and Petitioner has failed to respond to an Order to Show Cause (Doc. 11).

The matter is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On January 7, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his detention without bond in the Florence Correctional Center in Florence, Arizona, while awaiting removal to India. Petitioner's Petition alleges that he was ordered removed on January 15, 2009, was detained on September 21, 2008, and has been detained more than 180 days. (Petition, Supporting Facts,

Doc. 1-1 at 1.)

In the Notice of Assignment filed January 7, 2011 (Doc. 2), Petitioner was advised of his obligation to file a Notice of Change of Address. Similarly, the Service Order advised Petitioner that:

> Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

(Order 3/7/11, Doc. 3 at 2.)

On March 24, 2011, Respondent file her Notice to the Court and Suggestion of Mootness (Doc. 9), arguing that the Petition was moot because Petitioner had been released under an order of supervision on March 15, 2011.

Accordingly, on March 29, 2011, the Court entered an Order (Doc. 11) giving Petitioner fourteen days to: (1) show cause why the petition should not be dismissed as moot; and (2) either file a notice of change of address, or show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address. Copies of that order were sent to Petitioner at his last known incarceration address, and his apparent release address in San Pablo, California. On April 4, 2011, Petitioner's copy of that order sent to his incarceration address was returned undeliverable with the notation that "unclaimed." (Doc. 12.) Petitioner has not responded.

### III. APPLICATION OF LAW TO FACTS
#### A. MOOTNESS OF HABEAS PETITION

Respondent argues that the Petition should be dismissed on the basis that the Petition has been rendered moot by Petitioner's release upon removal. "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.*   A moot action is not subject to a judicial

- 2 -

1  resolution.

2      A moot action is one in which the parties lack a legally cognizable interest in the
3  outcome. The test for mootness is whether the court can give a party any effective relief in
4  the event that it decides the matter on the merits in their favor. "That is, whether the court
5  can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632
6  (9th Cir. 1989).

7      A habeas petition may be rendered moot following a subsequent release from custody,
8  absent other, collateral consequences that flow from the complained of imprisonment. *Lane*
9  *v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is
10 irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v.*
11 *New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such
12 presumption applies to habeas petitions challenging immigration detention.

13     Here, Petitioner does not challenge his underlying removal order, but merely his
14 continued detention pending the execution of that order. His release on an order of
15 supervision has arguably resulted in the termination of any detention. However, Petitioner
16 has not been heard from on the issue, and it is at least conceivable that there may be relief
17 to be granted, e.g. based upon the conditions of the release. This issue need not be reached,
18 however, to dispose of the matter.

19

20 **B. FAILURE TO PROSECUTE**

21     **Failure to Update Address** - Local Civil Rule 83.3(d) provides:

22         An attorney or unrepresented party must file a notice of a name or
        address change, and an attorney must also file a notice of a change of
23         firm name or e-mail address. The notice must be filed no later than 10
        days before the effective date of the change, except that an
24         unrepresented party who is incarcerated must submit a notice within 5
        days after the effective date of the change. A separate notice must be
25         filed in each active case.

26
    Petitioner was twice been given specific notice (Notice of Assignment, Doc. 2;
27 Service Order, Doc. 3) of his obligation to file a notice of change of address, and an Order
28

1  (Doc. 11) specifically directing him to do so.

2  It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Moreover, Petitioner has failed to respond to the Court's Order to Show Cause about his address and to respond to the Suggestion of Mootness regarding the mootness of his petition. In so doing, Petitioner has failed to prosecute this action.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his removal. Petitioner has had over a month since his removal to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such

action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, a recommendation will be made that this matter be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, such certificates are only required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed January 7, 2011 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

1 have fourteen (14) days from the date of service of a copy of this recommendation within
2 which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing
3 Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to
4 file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise
5 permitted by the Court, an objection to a Report and Recommendation shall not exceed ten
6 (10) pages.  Failure to timely file objections to any findings or recommendations of the
7 Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
8 the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),
9 and will constitute a waiver of a party's right to appellate review of the findings of fact in an
10 order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins*
11 *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: April 20, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\11-0062-001r RR 11 04 18 re HC re Moot FTP NCA.wpd

- 6 -